IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALTON K. NOSAKA; ERIC M.<br>SAKAZAKI; GORDON K. LESLIE;<br>RACHEL KRYGIER; RICHARD OKUDA,<br>JR., individually and on behalf<br>of all others similarly<br>situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>AMERICAN FEDERATION OF STATE,<br>COUNTY AND MUNICIPAL EMPLOYEES,<br>AFL-CIO; ELIZABETH HO, in her<br>official capacity as<br>Administrator of Local 646,<br>AFSCME, United Public Workers;<br>DOE DEFENDANTS 1-19, Inclusive,<br><br>                    Defendants. | CIV. NO. 21-00497 HG-WRP |

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, AND ELIZABETH HO'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS (ECF NO. 28)**

**and**

**GRANTING DEFENDANT AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, AND ELIZABETH HO'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (ECF No. 27)**

Plaintiffs are members of the United Public Workers,

American Federation of State, County and Municipal Employees,

Local 646, American Federation of Labor - Congress of Industrial

Organizations ("UPW Local 646 Union").

UPW Local 646 is a subordinate local union member of the

American Federation of State, County and Municipal Employees,

AFL-CIO ("Defendant AFSCME").

The UPW Local 646 Union Member Plaintiffs have filed suit seeking Declaratory Judgment against Defendant AFSCME and Defendant Elizabeth Ho, in her official capacity as Administrator of UPW Local 646 ("Defendant Administrator Ho").

Plaintiffs claim that in May 2020, Defendant AFSCME placed UPW Local 646 Union under an Administratorship and appointed Defendant Ho as the Administrator.

Plaintiffs have filed suit against the Defendants regarding their actions in overseeing the Administratorship of the UPW Local 646 Union.  Plaintiffs' Second Amended Complaint challenges the Administratorship and Ho's conduct in administering a 2021 election for UPW Local 646 Union for the positions of State Director, State President, and State Treasurer and a 2022 run-off election for the positions.

The Union Member Plaintiffs' Second Amended Complaint contains four Counts:

COUNT I: **Violation of Equal Right to Vote** pursuant to Title I of the **Labor-Management Reporting and Disclosure Act** of 1959, 29 U.S.C. § 411(a)(1);

COUNT II: **Violation of Right to be Informed** pursuant to Title I of the **Labor-Management Reporting and Disclosure Act** of 1959, 29 U.S.C. § 415;

COUNT III: **Breach of Contract** pursuant to Section 301 of the **Labor Management Relations Act**, 29 U.S.C. § 185(a); and,

COUNT IV: **Invalidity of the Administratorship** pursuant to Title III of the **Labor-Management Reporting and Disclosure Act** of 1959, 29

U.S.C. § 464(c).

Defendants AFSCME and Administrator Ho filed a Motion to Dismiss Plaintiffs' Second Amended Complaint on the basis that Plaintiffs failed to exhaust their internal remedies with AFSCME before filing suit and otherwise failed to state a claim upon which relief may be granted.

Defendants also filed a Request for Judicial Notice in Support of their Motion to Dismiss.

Plaintiffs oppose Defendants' Motion and Request for Judicial Notice.

Defendants AFSCME and Elizabeth Ho's Request for Judicial Notice (ECF No. 28) is **GRANTED, IN PART, and DENIED, IN PART.**

Defendants AFSCME and Elizabeth Ho's Motion to Dismiss the Second Amended Complaint (ECF No. 27) is **GRANTED.**

## PROCEDURAL HISTORY

On December 19, 2021, Plaintiffs filed a Complaint. (ECF No. 1).

On the same date, Plaintiffs filed the First Amended Complaint. (ECF No. 3).

On January 4, 2022, Plaintiffs filed a MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER. (ECF No. 13).

On January 6, 2022, Defendants filed an Opposition to Plaintiffs' Motion for a Preliminary Injunction and Temporary

Restraining Order.  (ECF No. 14).

On January 7, 2022, the Court held a hearing on Plaintiffs' Motion.  (ECF No. 19).  The Court denied Plaintiffs' Motion for a Temporary Restraining Order.  (Id.)

On January 10, 2022, Plaintiffs filed their SECOND AMENDED COMPLAINT.  (ECF No. 16).

Also on January 10, 2022, Plaintiffs withdrew their request for a Preliminary Injunction.  (ECF No. 18).

On January 19, 2022, Defendants filed a pleading entitled DEFENDANTS' MOTION TO DISMISS COMPLAINT (Dkt. #1).  (ECF No. 24).

On January 20, 2022, the Court issued a Minute Order striking Defendants' Motion to Dismiss Complaint as it moved to dismiss the original complaint filed on December 19, 2021, which was no longer the operative complaint.  (ECF No. 26).

On January 21, 2022, Defendants filed DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT.  (ECF No. 27).

On the same date, Defendants filed their REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT.  (ECF No. 28).

On February 8, 2022, Plaintiffs filed their Opposition to Defendants' Motion to Dismiss Second Amended Complaint.  (ECF No. 32).

On the same date, Plaintiffs filed their Opposition to Defendants' Request for Judicial Notice.  (ECF No. 33).

On February 22, 2022, Defendants filed their Reply to

4

Plaintiffs' Opposition to their Motion to Dismiss.  (ECF No. 34).

Also on February 22, 2022, Defendants filed a Reply in support of their Request for Judicial Notice.  (ECF No. 35).

On March 8, 2022, the Court held a hearing on Defendants' Motion to Dismiss Second Amended Complaint and Request for Judicial Notice.  (ECF No. 38).

## BACKGROUND

**According to the Second Amended Complaint:**

Defendant American Federation of State, County and Municipal Employees ("Defendant AFSCME") is a labor organization that represents workers in the public service and health care sectors that is an affiliate of the American Federation of Labor - Congress of Industrial Organizations ("AFL-CIO").  (Second Amended Complaint ("SAC") at ¶ 12, ECF No. 16).  Defendant AFSCME is headquartered in Washington, D.C.  (Id. at ¶ 1).

United Public Workers, Local 646, AFL-CIO, ("UPW Local 646 Union") is a labor organization founded in Hilo, Hawaii, that represents more than 13,000 members residing and working in the State of Hawaii.  (SAC at ¶¶ 29-30, ECF No. 16).

UPW Local 646 Union is a chartered and subordinate local union member of Defendant AFSCME.  (Id. at ¶ 32).

The Second Amended Complaint alleges that Plaintiffs Alton K. Nosaka, Eric M. Sakazaki, Gordon K. Leslie, Rachel Krygier, and Richard Okuda, Jr. are UPW Local 646 Union Members in good standing.  (Id. at ¶¶ 51, 54, 56, 59, 62).

5

**MAY 2020 ADMINISTRATORSHIP**

The Second Amended Complaint asserts that on May 1, 2020, Defendant AFSCME placed UPW Local 646 Union under an administratorship pursuant to Article IX, Section 37 of the AFSCME International Constitution.  (SAC at ¶¶ 16, 22, ECF No. 16).

Plaintiffs assert that Defendant AFSCME placed UPW Local 646 Union under an administratorship following the publication of the AFSCME Judicial Panel and International Executive Board decision in Case No. 20-23, Nosaka v. Nakanelua, Wataru, Aqui, Uwaine, Kamakeeaina and Endo, dated April 30, 2021 [sic].  (SAC at ¶ 22, ECF No. 16).  Plaintiffs claim that Defendant AFSCME ordered the administratorship because the AFSCME Judicial Panel decision found that former UPW Local 646 Union State Director Dayton Nakanelua and its Administrator of Fiscal and Member Services Jeanne Endo were adjudicated guilty of misappropriation, embezzlement, or improper use of union funds and ordered terminated from employment with UPW Local 646 Union.  (Id.)

According to the Second Amended Complaint, Section 45 of the AFSCME International Constitution authorizes Defendant AFSCME to take charge of the affairs and business of a subordinate body, such as UPW Local 646 Union, and to place the subordinate under an administratorship and to appoint an administrator under such circumstances.  (SAC at ¶ 23, ECF No. 16).

Plaintiffs claim that on or about May 1, 2020, Defendant

AFSCME's President Lee Saunders appointed Defendant Elizabeth Ho as the Administrator to lead Defendant AFSCME's Administratorship over UPW Local 646 Union.  (Id. at ¶¶ 2, 24).

Plaintiffs' Second Amended Complaint asserts that the Administratorship remains in place with Defendant Ho as Administrator.  (Id. at ¶¶ 2, 28).

**2021 UPW LOCAL 646 UNION ELECTION**

According to the Second Amended Complaint, on July 28, 2021, Defendant AFSCME's President Saunders informed Defendant Administrator Ho that UPW Local 646 Union's Constitution "was infirm" because it did not provide for a one member-one vote direct election of the Union's statewide officers as required by AFSCME's International Constitution and by federal law.  (SAC at ¶ 37, ECF No. 16).

The Second Amended Complaint alleges that previous State Directors of UPW Local 646 Union had been elected by delegate and not by direct member voting.  (Id. at ¶ 38).

Plaintiffs claim that on September 15, 2021, Defendants AFSCME and Administrator Ho mailed a "Notice of Nominations and Election" to UPW Local 646 Union Members for the positions of State Director, President, and Secretary-Treasurer.  (Id. at ¶¶ 37-39).  Plaintiffs also claim that a Notice was published in the Union's September/October 2021 issue of its newsletter.  (Id. at ¶ 40).

According to Plaintiffs, the election took place on November 7, 2021.  (Id. at ¶ 43).

Plaintiffs claim that Defendants deemed that 10,855 UPW Local 646 Union Members were eligible to vote for the three positions but only approximately 770 members voted.  (Id. at ¶¶ 44-45).  Plaintiffs allege that nearly 23% of the membership was deemed ineligible to vote.  (Id. at ¶ 44).

**2022 UPW LOCAL 646 UNION RUN-OFF ELECTION**

According to the Second Amended Complaint, Defendants AFSCME and Administrator Ho announced a run-off election would take place for the three State positions and that voting packets would be prepared between December 27, 2021 and January 7, 2022.  (SAC at ¶ 47, ECF No. 16).

**PLAINTIFFS' CHALLENGES TO THE 2021 ELECTION AND 2022 RUN-OFF ELECTION**

Plaintiffs claim that Defendants AFSCME and Administrator Ho failed to properly conduct both the UPW Local 646 Union November 7, 2021 election and the 2022 run-off election.  (Id. at ¶¶ 77-96).

Plaintiffs claim Defendants AFSCME and Administrator Ho have failed to properly disclose information to UPW Local 646 Union Members and did not properly prepare its members for the November 7, 2021 and 2022 run-off elections.  (Id. at ¶¶ 100-30).  Specifically, Plaintiffs claim that Defendant Ho's

Administratorship failed to inform the Union Members about the financial and operational status of the Administratorship, the rights of the election candidates to inspect the membership list prior to the election, the rights of the election observers to participate, the prohibitions on campaign activities, and the rights and abilities of the Union Members to participate in voting electronically.  (Id. at ¶ 130).

Plaintiffs further argue that Defendants' actions related to the elections have breached the contractual relationship between AFSCME and UPW Local 646 Union pursuant to Defendant AFSCME's International Constitution.  (Id. at ¶¶ 137-39).

Plaintiffs also claim that Defendants AFSCME and Administrator Ho have failed to conduct the elections in accordance with the law, which has interfered with the timely termination of the Administratorship.  (Id. at ¶¶ 141-46).

## STANDARD OF REVIEW

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to

defeat a motion to dismiss.  Id.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## ANALYSIS

## I.   DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (ECF No. 28)

The Court may consider documents that are the proper subject of judicial notice pursuant to Federal Rule of Evidence 201.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007).

Defendants AFSCME and Administrator Ho request that the Court take judicial notice of three documents:

(1)   Exhibit A, a news article from the Honolulu Star-Advertiser, dated January 11, 2019, ECF No. 28-1;

(2)   Exhibit B, portions of the AFSCME International Constitution, ECF No. 28-2; and,

(3)   Exhibit C, orders issued by the Mayor of the City and County of Honolulu and the Governor of the State of Hawaii related to in-person gatherings during the COVID-19 pandemic, ECF No. 28-3.

**A.    Exhibit A**

Federal Rule of Evidence 201(b) provides:

The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1)   is generally known within the trial court's territorial jurisdiction; or

(2)   can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b).

Here, Defendants seek for the Court to take judicial notice of a January 11, 2019 news article from the Honolulu Star-Advertiser.  (ECF No. 28-1).  The article is entitled, "Redo union election, AFSCME tells UPW."  (Id.)  The article states that the AFSCME International Vice President held a hearing to consider a challenge to the October 26, 2019 union delegate voting and "upheld complaints by candidates Jerald Satake and Alton Nosaka that union officials had failed to ensure the polling of delegates was done by secret ballot."  (Id.)

11

Defendants request that the Court take judicial notice of the fact that in 2019 Plaintiff Alton Nosaka made an internal protest of a prior UPW Local 646 Union Election and that the election was re-run.  (Request for Judicial Notice at ¶ 1, ECF No. 28).

A court may take judicial notice of publicly available newspaper and magazine articles that indicate what was in the public realm at the time, but a court cannot take judicial notice as to whether the contents of those articles were in fact true. Reynolds v. Binance Holdings Ltd., 481 F.Supp.3d 997, 1002 (N.D. Cal. 2020); see Bruce v. Chaiken, 2019 WL 645044, at *1 (E.D. Cal. Feb. 15, 2019) (explaining that while a court may take judicial notice of the fact that an internet article was available to the public, it may not take judicial notice of the truth of the matters asserted in the article).

Here, Defendants' request for the Court to take judicial notice of facts contained in a newspaper article is outside the scope and purpose of judicial notice as permitted pursuant to Fed. R. Evid. 201.

Defendants' Request for Judicial Notice as to Exhibit A is **DENIED**.

## B.   Exhibit B

The Court may consider exhibits attached to the Complaint and documents whose contents are incorporated by reference in the

Complaint without converting a motion to dismiss to a motion for summary judgment.  <u>Davis v. HSBC Bank Nevada, N.A.</u>, 691 F.3d 1152, 1160 (9th Cir. 2012).

Defendants seek judicial notice of Exhibit B which consists of portions of the AFSCME International Constitution.  The AFSCME Constitution is incorporated by reference in the Complaint. (Second Amended Complaint at ¶ 16, ECF No. 16).  Exhibit B may be reviewed by the Court in adjudicating Defendants' Motion to Dismiss.

Defendants' Request for Judicial Notice as to Exhibit B is **GRANTED**.

### C.    Exhibit C

Federal Rule of Evidence 201 allows a court to take judicial notice of public documents.  <u>Barber v. Ohana Mil. Communities, LLC</u>, Civ. NO. 14-00217HG-KSC, 2014 WL 3529766, *4 (D. Haw. July 15, 2014).

Defendants request judicial notice of Exhibit C which consists of executive orders issued by the Mayor of the City and County of Honolulu and the Governor of the State of Hawaii related to in-person gatherings during the COVID-19 pandemic.

The Court takes judicial notice of Exhibit C.  Emergency executive orders issued by a city mayor and state governor are appropriate for judicial notice as they are matters of public record.  <u>West Coast Mgmt., LLC v. Berkshire Hathaway Guard Ins. Cos.</u>, 498 F.Supp.3d 1233, 1238 (C.D. Cal. 2020).

Defendants' Request for Judicial Notice as to Exhibit C is **GRANTED.**

## II.  DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT (ECF No. 27)

**COUNT I:**  **Violation of Equal Right to Vote** pursuant to Title I of the **Labor-Management Reporting and Disclosure Act** of 1959, 29 U.S.C. § 411(a)(1)

Plaintiffs are Union Members of UPW Local 646 who are challenging the election administered by Defendants AFSCME and Administrator Elizabeth Ho.

Title I of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA") contains a "Bill of Rights of Members of Labor Organizations" and protects union members' freedom of speech and assembly rights, similar to the rights guaranteed by the United States Constitution.  Finnegan v. Leu, 456 U.S. 431, 435 (1982).

Title I of the LMRDA is designed to guarantee every union member equal rights to participate in union decisions, freedom from unreasonable restrictions on speech and assembly, and protection from improper discipline.  Local No. 82, Furniture & Piano Moving, Furniture Store Drivers v. Crowley, 467 U.S. 526, 536-37 (1984).

Included in Title I of the LMRDA is Section 101(a)(1), which governs union members' equal right to vote.  29 U.S.C. § 411(a)(1).

Plaintiffs' first cause of action alleges Plaintiffs' equal right to vote was violated pursuant to Section 101(a)(1) of the

LMRDA, contained in Title I of the Act.

## A.   Plaintiffs' Claim Pursuant to Section 101(a)(1) of the LMRA

Section 101(a)(1) of the LMRDA provides, as follows:

Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

29 U.S.C. § 411(a)(1).

The statute lists four "rights" that it protects:

(1)   the right to nominate candidates;

(2)   the right to vote;

(3)   the right to attend meetings; and,

(4)   the right to participate in such meetings.

Avila v. Sheet Metal Workers Local Union No. 293, 400 F.Supp.3d 1044, 1060 (D. Haw. Aug. 15, 2019).

Section 101 does not create substantive rights, but it requires equal rights and requires that rights given to some union members must be given to all.  Sergeant v. Inlandboatmen's Union of the Pac., 346 F.3d 1196, 1201 (9th Cir. 2003).

In order to state a claim pursuant to Section 101(a)(1) of the LMRDA, a union member must specifically allege discrimination based on a denial of rights accorded to other members.  Ackley v. W. Conference of Teamsters, 958 F.2d 1463, 1473 (9th Cir. 1992).

A review of the Second Amended Complaint demonstrates that

Plaintiffs have not alleged a claim pursuant to Section 101(a)(1) of the LMRA.  There are no allegations that Defendant AFSCME or Defendant Ho discriminated against the named Plaintiffs or against a particular class of union members.  Avila, 400 F.Supp.3d at 1060-61.

Plaintiffs do not claim that they were discriminated against, targeted, or treated differently than other union members.  Rather, Plaintiffs seek to challenge the November 2021 and 2022 run-off union elections conducted by Defendants AFSCME and Administrator Ho.

The Second Amended Complaint attempts to request relief on behalf of all of the members of UPW.  (SAC at ¶ 68, ECF No. 16).  Plaintiffs' claim seeking relief on behalf of the entire union membership is not the same as a claim of discrimination.  A plaintiff asserting a discrimination claim pursuant to Section 101(a)(1) of the LMRDA must be an individual or a member of a cognizable class and must allege how they were treated differently than other union members.  Rodriguez v. Serv. Emps. Int'l, 755 F.Supp.2d 1033, 1043-44 (N.D. Cal. 2010).

Plaintiffs here are not a cognizable class but attempt to challenge the election on behalf of all UPW members.  Plaintiffs' attempts to challenge the election procedure as a whole on behalf of the entire UPW membership is directly contradictory to the scope and purpose of a discrimination claim brought pursuant to Section 101(a)(1) of the LMRA.  Stelling v. Int'l Bhd. of Elec.

Workers Loc. Union No. 1547, 587 F.2d 1379, 1384-85 (9th Cir. 1978) (holding that a Section 101 claim depends on allegations of discrimination); Sheen v. Screen Actors Guild, 2012 WL 2360923, *6 (C.D. Cal. Mar. 28, 2012).

The Second Amended Complaint contains allegations that the entire union membership was made to vote online or via telephone. There are no allegations that some members were allowed to vote by one method while others were not.  Instead, the theory in the Second Amended Complaint is that each union member was treated the same.  Plaintiffs' attempt to challenge the manner in which the election was conducted on behalf of the entire UPW membership is not a basis for a claim pursuant to Section 101(a)(1) of the LMRDA.  Plaintiffs cannot state a Section 101(a)(1) claim on the basis that a generally applicable rule impacted certain members differently.  Members For A Better Union v. Bevona, 152 F.3d 58, 63-66 (2d Cir. 1998) (relying on the United States Supreme Court's decision in Calhoon to explain that a Section 101(a)(1) claim requires unequal treatment of union members with respect to their voting rights); see also Cunningham v. Local 30, Int'l Union of Operating Eng'rs, 234 F.Supp.2d 383, 393-94 (S.D.N.Y. 2002) (explaining that a Section 101(a) claim requires a direct attack on the right to vote by discriminatory means and that allegations that a particular group of union members were negatively impacted by an equally applicable voting policy is insufficient to state a claim).

Plaintiff's Section 101(a)(1) claim requires discrimination and disparate treatment against an individual or cognizable group, which is not present in the Second Amended Complaint. Id.; Ackley, 958 F.2d at 1473.

   **B.   Plaintiffs' Attempt To Challenge The Election Procedures In Count I Are Governed By Title IV Of the LMRA**

Title IV of the LMRDA regulates the conduct of elections for union officers and protects many of the same rights as does Title I of the LMRDA. Crowley, 467 U.S. at 538-39; 29 U.S.C. §§ 481-83.

Title IV sets up a statutory scheme that governs the election of union officers, including provisions concerning the manner in which elections are conducted, in an attempt to guarantee fair union elections in which all the members are allowed to participate. Calhoon v. Harvey, 379 U.S. 134, 140 (1964).

Section 401 of Title IV contains its own comprehensive administrative and judicial procedure for enforcing the election standards set forth in the LMRDA. 29 U.S.C. § 482(a); Calhoon, 379 U.S. 138-40. Only the United States Secretary of Labor may bring legal claims pursuant to Title IV of the LMRDA, which provides the exclusive means for challenging a union election. Crowley, 467 U.S. at 540; Kupau v. Yamamoto, 622 F.2d 449, 453 (9th Cir. 1980) (explaining that enforcement of Title IV rests

exclusively with the Secretary of Labor who screens union members' grievances and files suit against the union if a grievance has merit).

Although Plaintiffs only cite to Title I of the LMRDA in Count I of the Second Amended Complaint, the substance of the allegations in Count I are attempts by the Plaintiffs to challenge the election standards set forth in Title IV of the LMRDA.  Only the United States Secretary of Labor can bring forth such a challenge in federal court.  A union member who believes that the conduct of an election violated either the union's constitution or the statutory rules on union elections set forth in the LMRDA is limited to bringing a complaint to the Secretary of Labor.  Rodriguez v. Int'l Longshore & Warehouse Union Local 29, 2009 WL 2575987, *7 (S.D. Cal. Aug. 18, 2009).

Because Plaintiffs' cause of action is barred pursuant to Title IV of the LMRDA, leave to amend would be futile.  See Perez v. Mortg. Elec. Registration Sys., Inc., 959 F.3d 334, 340-41 (9th Cir. 2020).

Defendants' Motion to Dismiss Count I is **GRANTED.**

Count I is **DISMISSED WITH PREJUDICE.**

**COUNT II:**       **Violation of Right to be Informed** pursuant to Title I of the **Labor-Management Reporting and Disclosure Act** of 1959, 29 U.S.C. § 415

Section 415 of the LMRDA is contained in Title I of the Act governing the bill of rights of the union members.  Section 415 of the LMRDA provides:

Every labor organization shall inform its members concerning the provisions of this chapter.

29 U.S.C. § 415.

A review of the Second Amended Complaint demonstrates that there are two separate types of Section 415 claims made by Plaintiffs.

First, Plaintiffs allege that the Administratorship that was implemented by Defendant AFSCME and overseen by Defendant Administrator Ho did not inform the union members about monthly reports and financial disclosures made by the Administratorship. (SAC at ¶¶ 98-102, ECF No. 16).

Second, Plaintiffs also have asserted a number of allegations about Defendants' alleged failures to inform the union members concerning the election procedures.  (Id. at ¶¶ 103-130).

A.   Exhaustion

The LMRDA contains an exhaustion provision that applies to claims asserted pursuant to Section 415.  The exhaustion provision states that union members "may be" required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings.  29 U.S.C. § 411(a)(4).

The Ninth Circuit Court of Appeals has recognized that this provision does not itself create an exhaustion requirement, but rather it allows the courts to enforce the exhaustion

requirements that are provided.  Rizzuto v. W. Conf. of Teamsters
Pension Tr., 573 F.2d 552, 554 (9th Cir. 1977).  The requirement
of exhaustion of union remedies is a matter within the sound
discretion of the courts.  Bise v. Int'l Bhd. of Elec. Workers,
AFL-CIO Loc. 1969, 618 F.2d 1299, 1303 (9th Cir. 1969).

The Ninth Circuit Court of Appeals has held that union
members must at least raise the issue with the union before they
bring a lawsuit in federal court for a violation of Section 415.
Stelling, 587 F.2d at 1391.

The Ninth Circuit Court of Appeals has explained that the
exhaustion requirement may be excused under certain
circumstances.  Casumpang v. Int'l Longshoremen's &
Warehousement's Union, Loc. 142, 269 F.3d 1042, 1062 (9th Cir.
2001) (citing Clayton v. Int'l Union, United Auto., Aerospace &
Agric. Implement Workers, 451 U.S. 679, 689 (1981)).

Here, there are no allegations in the Second Amended
Complaint that Plaintiffs had raised the alleged failures of the
Administratorship to inform the union membership regarding the
LMRDA pursuant to Section 415 prior to filing suit.  In addition
there are no allegations that Plaintiffs have exhausted their
intra-union remedies before filing suit.  Case v. Int'l Bhd. of
Elec. Worker Loc. Union No. 1547, 438 F.Supp. 856, 862 (D. Alaska
1977) (dismissing Section 415 claim for failure to exhaust intra-
union remedies).  There are no allegations that Plaintiffs ever
raised the issue with the Administratorship or attempted to

exhaust their remedies prior to filing suit.  Casumpang, 269 F.3d at 1062.

The Court, however, need not reach the issue of exhaustion because Plaintiffs' claims pursuant to Section 415 are moot.

## B.   Mootness

The doctrine of mootness requires that an actual, ongoing controversy exist at all stages of the federal court proceedings. Bayer v. Neiman Marcus Grp., Inc., 861 F.3d 853, 862 (9th Cir. 2017).  The controversy must exist at all stages of review, not merely at the time the complaint is filed.  Arizonans for Off. English v. Arizona, 520 U.S. 43, 67 (1997).

There is an exception to this rule when an otherwise moot action is "capable of repetition, yet evading review." Lewis v. Cont'l Bank Corp., 494 U.S. 477, 481 (1990).  A case may not be dismissed if the Court finds that the challenged action in its duration is too short to be fully litigated prior to expiration and that there is a reasonable expectation that the same complaining party will be subject to the same action again. Wisc. Right to Life, Inc., 551 U.S. 449, 461 (2007).

Here, there is no reasonable expectation that the named Plaintiffs will be subject to the same alleged harm for which they have asserted their Section 415 claim against the Administratorship and Administrator Ho.

The Administratorship in this case has ended.  Defendant

Administrator Ho is no longer the Administrator of the terminated Administratorship.  The elections in this case are over.  They were held in November 2021 and a run-off election was held in January 2022.  The run-off election concluded and the new local officers replaced the Administratorship on February 28, 2022. (Reply at p. 14, ECF No. 34).  Plaintiffs conceded at the hearing that the Administratorship has ended.

There must be an exceptional situation presented by the plaintiff to justify an exception to mootness.  See Protectmarriage.com-Yes on 8 v. Bowen, 752 F.3d 827, 836-37 (9th Cir. 2014).  Plaintiffs have not demonstrated that an exception to mootness applies in this case.  Plaintiffs argue that the present controversy is capable of repetition because there have been two Administratorships over UPW in the past 40 years. Plaintiffs' argument is unpersuasive.  It is not enough that Plaintiffs demonstrate that they might be subject to the same injury again.  Plaintiffs must show a "demonstrated probability that the same controversy will recur involving the same complaining party."  Murphy v. Hunt, 455 U.S. 478, 482 (1982) (quotations omitted).  Plaintiffs have failed to do so.

Courts have regularly found that challenges to the failure to disclose information relevant to an election and challenges to an election process itself are moot once the election is completed.  See Protectmarriage.com-Yes on 8, 752 F.3d at 836-37; see also Hamamoto v. Ige, 881 F.3d 719, 722 (9th Cir. 2018);

Canez v. Guerrero, 707 F.2d 443, 446 (9th Cir. 1983) (denying appeal as moot where union election concluded and rejecting appellants' argument that claim was capable of repetition yet evading review).

### C.   Plaintiffs' Section 415 Claim Challenging The Administratorship's Election Procedures Is Barred

As explained earlier in the Order, Plaintiffs cannot assert claims that are seeking to challenge the Defendants' actions in conducting the election.  Numerous allegations in Count II, paragraphs 103-130 are an attempt to challenge the Administratorship and the Administrator's procedures and actions in conducting the elections in this case.  Such allegations that seek to challenge or invalidate the election are governed by Title IV of the LMRDA, and they can only be raised in federal court by the United States Secretary of Labor.  Crowley, 467 U.S. at 539-40;  Kupau, 622 F.2d at 453.

The allegations in the Second Amended Complaint regarding the alleged failures by the Defendants to prepare and inform UPW members about the election are subject to Title IV of the LMRDA and may only be brought in an action in federal court by the United States Secretary of Labor.

Defendants' Motion to Dismiss Count II is **GRANTED**.

Plaintiffs' cause of action in Count II is moot, and otherwise is barred pursuant to Title IV of the LMRDA.  Leave to amend would be futile.  See Perez, 959 F.3d at 340-41.

24

Count II is **DISMISSED WITH PREJUDICE.**

**COUNT III:**      **Breach Of Contract** pursuant to Section 301 of the **Labor Management Relations Act,** 29 U.S.C. § 185(a)

Section 301 of the Labor Management Relations Act ("LMRA"), provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

The Second Amended Complaint asserts that Defendants have breached the International Constitution of the AFSCME by failing to conduct the election in accordance with the constitution and as a result has caused injury to Plaintiffs. (SAC at ¶ 137, ECF No. 16). Plaintiffs also claim the contract was breached because of Defendants' failure to properly inform members about the election and due to the untimely Administratorship conducting the election. (Id. at ¶¶ 138-39).

Again, any claim that seeks to challenge or invalidate the union elections are governed by Title IV of the LMRDA. Such claims can only be raised in federal court by the United States Secretary of Labor. Crowley, 467 U.S. at 539-40; Kupau, 622 F.2d at 453.

Plaintiffs cannot bypass the exclusivity provision of Title IV of the LMRDA by couching their challenges to the union

elections as breach of contract claims pursuant to Section 301 of the Labor Relations Management Act.  Fisher v. Wash. Teachers' Union, 350 F.Supp.2d 69, 79 (D.D.C. 2004); Murray v. Amalgamated Transit Union, 206 F.Supp.3d 202, 211-12 (D.D.C.), amended in part, 220 F.Supp.3d 72, (D.D.C. 2016), aff'd, 719 Fed. Appx. 5 (D.C. Cir. 2018); Bermingham v. Castro, 1999 WL 644342, *2 (9th Cir. Aug. 24, 1999).

Count III is barred pursuant to Title IV of the LMRDA. Leave to amend would be futile.  Perez, 959 F.3d at 340-41.

Defendants' Motion to Dismiss Count III is **GRANTED.**

Count III is **DISMISSED WITH PREJUDICE.**

**COUNT IV:**         **Invalidity of the Administratorship** pursuant to Title III of the **Labor-Management Reporting and Disclosure Act** of 1959, 29 U.S.C. § 464(c)

Pursuant to Title III of the LMRDA, an administratorship or trusteeship is presumed valid for a period of 18 months from the date of its establishment.  29 U.S.C. § 464(c).

After the expiration of the 18 month period, the trusteeship shall be presumed invalid and its discontinuance shall be decreed unless the labor organization shows by clear and convincing proof that the continuation of the trusteeship is necessary for:

> (1)  the purpose of correcting corruption or financial malpractice;
>
> (2)  assuring the performance of collective bargaining agreements or other duties of a bargaining representative;
>
> (3)  restoring democratic procedures; or,

> (4)  otherwise carrying out the legitimate objects of such labor organization.

Id.; 29 U.S.C. § 462.

According to the Second Amended Complaint, Defendant AFSCME placed UPW under administratorship on May 1, 2020.  (SAC at ¶ 141, ECF No. 16).  Plaintiffs assert that more than 18 months have passed and the Administratorship has not terminated.  (Id. at ¶¶ 142-44).

Here, Plaintiffs seek declaratory judgment that the Administratorship is invalid because more than 18 months have passed.  Plaintiffs have ignored 29 U.S.C. § 462, which provides various bases as to why a trusteeship may continue past the 18-month period.  For example, contrary to Plaintiffs' position, an administratorship may continue past the 18-month period in certain circumstances in order to restore democratic procedures and to conduct leadership elections.  See 29 U.S.C. § 462; Colgan v. Carey, 1995 WL 88974, *3 (N.D. Ill. Feb. 24, 1995).

Plaintiffs have failed to allege any facts to support a claim that there was no basis for the Administratorship to have continued past the 18-month period and that none of the objectives set forth in 29 U.S.C. § 462 applied.  See Garcia v. Serv. Emps. Int'l Union, 2019 WL 4279024, *13-14 (D. Nev. Sept. 10, 2019).  In fact, the Second Amended Complaint provides allegations as to the basis for the Administratorship in the first place.  The Second Amended Complaint alleges the Administratorship began due to corruption and financial

malpractice.   (SAC at ¶ 22, ECF No. 16).

Not only have Plaintiffs failed to provide sufficient facts to support a claim pursuant to Section 464(c) of the LMRDA, but the question of whether the Administratorship's continuance past the 18-month period was appropriate is now moot.  The elections were completed and the new local officers replaced the Administratorship on February 28, 2022. (Reply at p. 14, ECF No. 34).

Cases addressing challenges to Section 464 of the LMRDA have routinely held that once an election has been held in a subordinate body, claims which seek to attack the validity of an administratorship, or seek its dissolution, are moot.  Commer v. Am. Fed'n. of State, Cnty. and Mun. Emps., 2002 WL 844346, *1 (S.D. N.Y. May 2, 2002) (collecting cases).

Plaintiffs' claim in Count IV seeking declaratory relief to the now-terminated Administratorship is moot.  Air Line Stewards and Stewardesses Ass'n Loc. 550, TWU, AFL-CIO v. Transp. Workers Union of Am., 334 F.2d 805, 807-08 (7th Cir. 1964); see also Thompson v. Off. & Pro. Emps. Int'l Union, 74 F.3d 1492, 1503-04 (6th Cir. 1996).

Leave to amend Count IV would be futile.  Perez, 959 F.3d at 340-41.

Defendants' Motion to Dismiss Count IV is **GRANTED.**

Count IV is **DISMISSED WITH PREJUDICE.**

## CONCLUSION

Defendants' Request for Judicial Notice (ECF No. 28) is **GRANTED, IN PART, and DENIED, IN PART.**

Defendants' Motion to Dismiss the Second Amended Complaint (ECF No. 27) is **GRANTED.**

Plaintiffs may seek to challenge the Administration's actions in conducting the Union elections by filing a complaint with the Secretary of Labor pursuant to 29 U.S.C. § 482(a).

The Second Amended Complaint is **DISMISSED WITH PREJUDICE.**

The Clerk of Court is **ORDERED** to **CLOSE THE CASE.**

IT IS SO ORDERED.

DATED: March 11, 2022, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Alton K. Nosaka; Eric M. Sakazaki; Gordon K. Leslie; Rachel Krygier; Richard Okuda, Jr., each individually and on behalf of all others similarly situated v. American Federation of State, County and Municipal Employees, AFL-CIO; Elizabeth Ho, in her official capacity as Administrator of Local 646, AFSCME, United Public Workers; Doe Defendants 1-19, Inclusive, Civ. No. 21-00497 HG-WRP; **ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, AND ELIZABETH HO'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS (ECF NO. 28) and GRANTING DEFENDANT AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, AND ELIZABETH HO'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (ECF No. 27)**